57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Malcolm F. TYSON, Defendant-Appellant.
 No. 94-5695.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 18, 1995.
Decided: June 16, 1995.
 
 Edwin C. Walker, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Malcolm F. Tyson pled guilty to forging a United States Treasury check in violation of 18 U.S.C.A. Sec. 510(a)(1) (West Supp.1994). He maintains on appeal that the district court clearly erred when it imposed a sentence of fifteen months without granting him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual Sec. 3E1.1 (Nov.1993). We affirm.
 
 
 2
 The Treasury check was a tax refund which was mistakenly sent to a post office box held by Tyson's girlfriend. In September 1992, about two months after an unknown person attempted to cash the check, Tyson was interviewed by agents of the Internal Revenue Service (IRS). He provided handwriting samples, but denied having any knowledge of the check. In April 1993, IRS analysts determined that it was highly probable that Tyson had endorsed the check, although he did not match the description of the person who attempted to cash it. Eventually, Tyson was served with a grand jury subpoena for additional handwriting exemplars and fingerprints. Rather than provide the requested information to the IRS agent who served the subpoena, Tyson elected to provide the information to the grand jury in person. He then failed to appear. In March 1994, Tyson provided the desired handwriting exemplars while he was being held in state custody on unrelated charges. After Tyson pled guilty to forgery of the refund check, he did not respond to the probation officer's request for a written statement of his involvement in the offense.
 
 
 3
 At sentencing, Tyson stated that he had forged a part of the signature on the check, but not the whole signature, and that he had cooperated following his guilty plea by informing IRS agents of the identity of the other person involved. The district court declined to make an adjustment for obstruction of justice which the government requested, and also decided against the adjustment for acceptance of responsibil ity which Tyson sought. We review factual findings relating to sentencing under the clearly erroneous standard. United States v. Curtis, 934 F.2d 553, 557 (4th Cir.1991).
 
 
 4
 Despite Tyson's guilty plea and belated cooperation with authorities, his failure to provide handwriting exemplars to the grand jury and his later refusal to provide a statement to the probation officer was conduct which was inconsistent with acceptance of responsibility. See USSG Sec. 3E1.1, comment. (n.3). Therefore, we find that the district court did not clearly err in denying a reduction for acceptance of responsibility.
 
 
 5
 The sentence imposed by the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED